UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE CO., a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEEL BUILDING SYSTEMS, LLC, an Idaho limited liability company,<br><br>Defendant,<br><br>and,<br><br>NANCY XOL RAX, individually and as an heir of MARIO SONTAY TZI; and INGRID SUSANA BOTZOC TZI, individually and as an heir of MARIANO COC OCH,<br><br>Proposed Intervenor-Defendants. | Case No. 1:25-cv-00620-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is a Motion to Intervene filed by Nancy Xol Rax and Ingrid Susana Botzoc Tzi (the "Petitioners"). Dkt. 10. Because Petitioners meet the requirements of Rule 24, and because no party objects to their intervention, the Court GRANTS the Motion to Intervene.

## II. BACKGROUND

On January 31, 2024, the partially constructed Jackson Jet Center hangar at the Boise Regional Airport collapsed, killing Mario Sontay Tzi and Mariano Coc Och. The

decedents' family members (including the decedents' widows, Petitioners Nancy Xol Rax and Ingrid Susana Botzoc Tzi) filed a wrongful death action against several defendants, including the Defendant in this case, Steel Building Systems, LLC ("SBS"). *See* Case No. 1:24-cv-00319-BLW, *Xol Rax et al. v. Big D Builders et al.*

SBS is insured by Plaintiff Atlantic Casualty. Atlantic Casualty filed this case seeking a declaration that, to the extent SBS is liable to Petitioners for the decedents' wrongful death, that liability is not covered by Atlantic Casualty's insurance policy ("the Policy"). Petitioners oppose Atlantic Casualty's position and seek to intervene to ensure that Atlantic Casualty remains a source of potential recovery. Dkt. 10.

No party opposes the motion. Dkts. 13; 16. The matter is now ripe for review.

### III. LEGAL STANDARD

**A. Intervention as of Right**

Rule 24(a)(2) permits intervention as of right when: (1) the motion is timely; (2) the applicant claims a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). Generally, the court must construe Rule 24(a) liberally in favor of intervenors, relying on "practical and equitable concerns," rather than technical distinctions. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Although this standard is construed liberally, "the applicant

bears the burden of showing that each of the four elements is met." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

### B. Permissive Intervention

Rule 24(b)(1)(B) permits a Court to order intervention where: (1) the motion is timely, and (2) the proposed intervenor has a claim or defense which shares a common question of law or fact with the main action.

### IV. DISCUSSION

Petitioners are entitled to intervene under Rule 24(a)(2). The Motion is timely because it was filed before all proceedings of substance and before significant discovery has occurred. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Petitioners claim an interest in recovering compensation for their husbands' wrongful deaths, that interest is protected by Idaho's common law of torts, and the claims at issue here would, as a practical matter, prevent Petitioners from recovering that compensation from SBS (and may require it to relitigate the issue in a separate action against Atlantic Casualty). *See California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022).

Finally, no party adequately represents Petitioners' interests. Atlantic Casualty's suit is actively opposed to Petitioners' interests because it seeks to cut off an avenue for Petitioners' potential recovery. And although SBS may seek to keep that avenue open for their own reasons, "[i]t is well settled that where the purported representative actually represents an interest adverse to that of the party seeking intervention, the representation is obviously not adequate. *See Maxum Indem. Co. v. Biddle L. Firm, PA*, 329 F.R.D. 550, 556

(D.S.C. 2019) (*citing Hartford Acc. & Indem. Co. v. Crider*, 58 F.R.D. 15, 18 (N.D. Ill. 1973)).

Petitioners are, therefore, entitled to intervene as of right.

Even if petitioners were not so-entitled, the Court would still grant permissive intervention. The Motion is timely for the same reasons given above. Construing Rule 24 liberally, *see Berg*, 268 F.3d at 817, Petitioner's wrongful death claims share common questions of fact with Atlantic Casualty because both causes of action arise out of the Jackson Jet Center hangar collapse. And no party opposes intervention. Intervention is, therefore, proper under Rule 24(b)(2)(B) as well.

## V. CONCLUSION

No party objects to Petitioners' intervention, and intervention is proper under both Rule 24(a) and (b). The Court, therefore, GRANTS the Motion.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioners' Motion to Intervene (Dkt. 10) is GRANTED.

2. Petitioners' proposed complaint in intervention filed at Dkt. 20 is made their operative pleading. As Petitioners do not seek relief against SBS in this case, SBS will not be required to file a responsive pleading to Dkt. 20.

DATED: February 12, 2026

David C. Nye
U.S. District Court Judge